```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

CHRIS SLAVICK, #A0765881,   )  CIV. NO. 16-00071 SOM/RLP
                            )
                            )  ORDER DISMISSING PETITION
       Petitioner,          )  DENYING CERTIFICATE OF
                            )  APPEALABILITY; ORDER TO SHOW
           vs.              )  CAUSE
                            )
FRANCIS SEQUEIRA,           )
                            )
       Respondent.          )
                            )
```

**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY; ORDER TO SHOW CAUSE**

Before the court is pro se prisoner Chris Slavick's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Doc. No. 1. Slavick is serving a sentence in *State v. Slavick*, Cr. No. 1PC04-1-001534, and is awaiting trial in *State v. Slavick*, Cr. No. 1PC13-1-001461.[1]

For the following reasons, the court DISMISSES the Petition for lack of jurisdiction, DENIES a certificate of appealability, and orders Slavick to SHOW CAUSE in writing whether he intended this action to proceed and be construed as brought pursuant to 42 U.S.C. § 1983, even though it refers to 28 U.S.C. § 2241.

## I. DISCUSSION

Slavick broadly alleges that prison officials at the Halawa Correctional Facility ("HCF") and the Oahu Community Correctional

---

[1] The court takes judicial notice of Slavick's state court criminal proceedings, publicly available on the Hawai'i Judiciary Access to Court Information website ("Ho`ohiki") at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

Center ("OCCC") have denied him necessary medical care since on or about "October 2012, January 2013, and other dates of Doctor orders." Pet., Doc. No. 1. Slavick provides no further details regarding his injuries, his medical needs, the dates when he was allegedly denied care, or the individuals responsible for these alleged denials. Slavick seeks release to obtain medical care.

Because Slavick clearly challenges the conditions of his confinement rather than his conviction or sentence, and despite his request for release rather than damages, the court instructed the Clerk to docket this suit as a prisoner civil rights action under § 1983. On further review and for the following reasons, the court now leaves it to Slavick to indicate whether he intended to pursue claims under § 1983.

**A.   Habeas Relief is Unavailable**

A federal court may not entertain an action over which it lacks jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Section 2241 confers a general grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3).

A habeas corpus action brought under 28 U.S.C. § 2254 is normally the proper mechanism for a state prisoner to challenge the fact or duration of his confinement. *See  Preiser v. Rodriguez*, 411 U.S. 475, 485  (1973); *Wilkinson v. Dotson*, 544

U.S. 74, 81 (2005); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1990) (holding that, to the extent a mixed complaint seeks damages for civil rights violations, it should be construed as involving civil rights claims).  A state pretrial detainee who is not in custody pursuant to a state court judgment when he files the petition can also seek relief under 28 U.S.C. § 2241.  *See Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004) (allowing pretrial detainee challenging retrial to proceed under § 2241).

However, claims that, if successful, would not entitle a claimant to release from custody are cognizable under 42 U.S.C. § 1983.  *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Mayle v. Felix*, 545 U.S. 654-55 (2005) (discussing procedural differences and standards between habeas actions and ordinary civil actions).  Slavick's claims do not appear to be of the kind that could lead to his release.

Slavick's claims concern the conditions of his confinement and bear no relationship to the legality of his sentence, to its duration, or to the legality of the order requiring his pretrial detention.  His claims instead relate solely to the conditions of his confinement in a state facility.  Such claims may not be brought to this court pursuant to § 2241 and are DISMISSED.  Even if the conditions of confinement are wrongful, that does not invalidate his sentence or his pretrial detention.  *See* Rules

1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") (applying rules to all habeas petitions and directing court to dismiss petitions when "it plainly appears" that petitioner is not entitled to relief); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a § 2241 petition under Habeas Rules 1(b) and 4).

**B.   Whether the Court Should Construe the Petition as a Civil Rights Complaint**

The court has the discretion to convert a habeas petition to a prisoner civil rights case in appropriate circumstances. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Because there are procedural differences and different consequences between filing these two types of actions, however, the court is not inclined to convert this case without Slavick's consent.

For example, the filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). The $350 fee may be deducted in full over time from a qualified prisoner's prison trust account. 28 U.S.C. § 1915(b)(1). Slavick may be unwilling to pay the considerably higher filing fee for a civil rights action.

4

Moreover, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to bringing a civil rights action that cannot be excused by a district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having filed his claims under § 2241, Slavick may be unaware of this requirement, or he may be in the process of exhausting his claims.

Further, a federal civil rights action under § 1983 brought in Hawaii is subject to a two-year statute of limitation. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that § 1983 plaintiffs must satisfy forum state's statute of limitation for personal-injury torts); *see also Pele Defense Fund v. Paty*, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992) (discussing Haw. Rev. Stats. § 657-7). By contrast, a habeas petition under § 2241 is governed by the one-year statute of limitation set forth in 28 U.S.C. § 2244. Depending on the date Slavick's

claims accrued (another issue that can differ between the two types of action), his claims may be time-barred.

Finally, the pleading standards differ for habeas petitions and civil rights actions. The Federal Rules of Civil Procedure govern civil rights proceedings, and Rule 8 of those rules requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The Habeas Rules instruct petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." Slavick's claims as written satisfy neither of these standards and are subject to dismissal with leave to amend. There is no point in requiring Slavick to amend his claims, however, if he is not inclined to raise them under § 1983.

### III.  CONCLUSION

(1)  Slavick is ORDERED to notify the court in writing on or before **March 18, 2016,** whether he intends this action to proceed under § 1983. If Slavick chooses this option, he will be required to pay the full $350.00 filing fee (by installment payment when funds are available) AND he must concurrently set forth his claims on a prisoner civil rights complaint form with his notice of intent.

(2)   In the alternative, Slavick may rest on his claims as brought under 28 U.S.C. § 2241.  If Slavick chooses this option, he need do nothing.  If nothing is received from Slavick on or before **March 18, 2016,** the court will instruct the Clerk to edit the docket to reflect that this case is brought as a habeas petition under 28 U.S.C. § 2241 and to enter judgment against Slavick and terminate the action.

(3)   If Slavick chooses to stand on his claims under 28 U.S.C. § 2241 and the Petition is DISMISSED, Rule 11(a) of the Habeas Rules requires this court to indicate in this order whether he is entitled to a certificate of appealability.  Slavick cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition debatable or wrong.  *See Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 648 (2012).  Any request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Slavick v. Sequeira*, 1:16-cv-00071 SOM/RLP; scrn'g 2016 Slavick 16-71 (scrn dsm osc); J:\PSA Draft Ords\SOM\Slavick 16-71 (scrn dsm osc).wpd