IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS SLAVICK, #A0765881,  )  | CIV. NO. 16-00071 SOM/RLP |
| )  | |
| )  | ORDER DISMISSING ACTION |
| Petitioner,  )  | |
| )  | |
| vs.  )  | |
| )  | |
| FRANCIS SEQUEIRA,  )  | |
| )  | |
| Respondent.  )  | |
| )  | |

**ORDER DISMISSING ACTION**

On February 18, 2016 Petitioner filed this action pursuant to 28 U.S.C. § 2241.  Doc. No. 1.  Because Petitioner appeared to challenge the conditions of his confinement, rather than his conviction or sentence, the court instructed the Clerk of Court to docket the suit as a prisoner civil rights action under 42 U.S.C. § 1983.

On February 22, 2016, the court granted Petitioner's in forma pauperis application and ordered prison officials to deduct $350.00 from Petitioner's trust account by installment payments, prior to screening his pleading as required pursuant to the Prison Litigation Reform Act of 1996 ("PLRA") or the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Doc. No. 4.

On February 26, 2016, the court screened Petitioner's pleading and reconsidered its decision to convert this suit to a civil rights action sua sponte without input from Petitioner.

*See* February 26, 2016 Order, Doc. No. 5 ("February 26 Order"). Although a court has discretion to convert a habeas petition to a civil rights case when appropriate, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006), the court, after reflection, determined the better course here was to let Petitioner make this decision himself. *See* February 26 Order, Doc. No. 5, PageID #22-24 (discussing the different fees and procedural consequences for prisoners between habeas and civil actions). The court reached this conclusion after screening Petitioner's pleading, because it appeared that he had made a considered choice to proceed with a habeas corpus petition.

The court dismissed Petitioner's habeas petition for failure to state a cognizable claim for relief under 28 U.S.C. § 2241, and explained the differences between habeas and civil rights actions. The court instructed Petitioner to notify the court whether he was willing to continue this suit under 42 U.S.C. § 1983, with its attendant fee requirements and possible consequences under the PLRA. *See id.*, PageID 24-25. If he was willing, Petitioner was instructed to amend his pleading to set forth his claims on a prisoner civil rights complaint form.

On March 17, 2016, rather than notifying the court how he intended to proceed, Petitioner moved for an extension of time to provide such notification, a transfer to a federal facility, and

2

a formal acknowledgment of the evidence supporting his claims. *See* Doc. Nos. 6, 11.  Petitioner moved for appointment of counsel to "properly file my Civil Rights complaints and/or Habeas Corpus issues," submitted four detailed letters to the court, and submitted numerous exhibits and documents arguing the merits of his many claims.  Doc. Nos. 6-10.

Petitioner misunderstands the scope of the February 26 Order.  The court did not grant Petitioner leave to argue the merits of his claims, seek counsel, submit exhibits, or seek immediate relief.  Petitioner was directed to notify the court if he wanted to continue this action under 42 U.S.C. § 1983 in light of the possible consequences.  Petitioner was told that, if he chose this option, he had to submit an amended pleading on a prisoner civil rights complaint form.  He has failed to do so. After reviewing all of Petitioner's documents, this court concludes that Petitioner is not now seeking to proceed with a civil rights action and is quite capable of making a reasoned decision as to whether to proceed under § 1983 whenever he may be prepared to go forward.

Accordingly, the court declines to construe this action as brought pursuant to 42 U.S.C. § 1983.  When Petitioner is prepared to proceed with his claims challenging the conditions of his confinement, he may file a new action, setting forth his claims on a prisoner civil rights complaint form, and submitting

a new in forma pauperis application. This will prevent any possible confusion and ensure that Petitioner is the master of his own suit.

## CONCLUSION

(1)  This action, brought pursuant to 28 U.S.C. § 2241 is DISMISSED, pursuant to the February 26, 2016 Order Dismissing Petition and Denying Certificate of Appealability. *See* Doc. No. 5. The court continues to decline to issue a Certificate of Appealability. *Id.*

(2) The Order Granting In Forma Pauperis Application and Directing Payment, Doc. No. 4, is AMENDED to show that Petitioner owes **$5.00 for filing this action pursuant to 28 U.S.C. § 2241, not $350.00**. *See* 28 U.S.C. § 1914.

(3) The Clerk of Court is DIRECTED to edit the docket to reflect that this action is brought pursuant to 28 U.S.C. § 2241, and to serve a copy of this Order on Petitioner, the Halawa Correctional Facility Warden, and Department of Public Safety Litigation Coordinator Shelley Nobriga, so that prison officials are NOTIFIED to deduct only $5.00 from Petitioner's trust account, when funds are available, for commencing this action.

(4)  All pending motions, including the Motion for Time Extension to Show Cause, Motion to Appoint Counsel, Motion to Transfer to FDC, and Motion to Acknowledge Evidence, Doc. Nos. 6, 11, are DENIED.

  (5) The Clerk of Court is DIRECTED TO TERMINATE this action.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, March 30, 2016.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

*Slavick v. Sequeira*, 1:16-cv-00071 SOM/RLP; Ords 2016 Slavick 16-71 (scrn dsm osc)